**APPENDIX B:**

**SUMMARY OF REASONS FOR TERMINATING EACH JUDGMENT**

**(Ordered by Year Judgment Entered)**

**Case No.**: 297

**Case Name:** United States v. Delaware, Lackawanna & Western Railroad Co., et al.

**Year Judgment Entered**: 1915

**Section of Judgment Retaining Jurisdiction**: None

**Description of Judgment:**  Judgment enjoined defendants from enforcing a contract providing for defendant railroad company to transport coal mined by defendant coal mining company.

**Reasons Judgment Should Be Terminated**:
- Judgment is more than ten years old.
- Defendants no longer exist.
- Market conditions have likely changed dramatically in the past 104 years.
- Conduct (resale price maintenance) might not be considered per se illegal today and would likely be reviewed under a rule of reason standard.

**Public Comments**: None.

---

**Case No.**: 2005

**Case Name:** United States v. Klaxon Co.

**Year Judgment Entered**: 1918

**Section of Judgment Retaining Jurisdiction**: None

**Description of Judgment:** Defendant enjoined from engaging in resale price maintenance whereby by it refused to sell warning signals to automobile accessory jobbers unless they agreed to impose uniform retail and wholesale prices.  Defendant further enjoined from creating or entering into any similar combination.

**Reasons Judgment Should Be Terminated**:
- Judgment is more than ten years old.
- Defendant no longer exists and its successor no longer makes vehicle warning signals.
- Market conditions have likely changed dramatically in the past 99 years.
- Conduct (resale price maintenance) might not be considered per se illegal today and would likely be reviewed under a rule of reason standard.

**Public Comments**: None.

**Case No.**: 1919

**Case Name**: United States v. Schering Corp., et al.

**Year Judgment Entered**: 1941, modified 1951

**Section of Judgment Retaining Jurisdiction**: IX

**Description of Judgment**: Defendant pharmaceutical companies enjoined from fixing the prices and allocating markets for, and limiting production of, hormones and hormone products, and from using patents licensing provisions to facilitate such acts.  Modification of the Judgment in 1951 eliminated the injunction as it related to section II, paragraph 8 with respect to a proposed agreement (a copy of which cannot be located).

**Reasons Judgment Should Be Terminated**:
- Judgment is more than ten years old.
- Judgment terms largely prohibit acts the antitrust laws already prohibit (price fixing, market allocation).
- Market conditions have changed.
- Patents at issue have expired.

**Public Comments**: None.

---

**Case No.**: 1920

**Case Name**: United States v. Swiss Bank Corp.

**Year Judgment Entered**: 1941

**Section of Judgment Retaining Jurisdiction**: IV

**Description of Judgment**: Judgment only required defendant to ensure that its majority-owned subsidiary divest itself of stock of Schering Corp. of Bloomfield, New Jersey.  The divestiture was to have occurred in 1941, but the Justice Department stipulated to an extension to 1942.  In 1942, however, the Attorney General seized the shares pursuant to the Trading with the Enemy Act of 1917, thereby obviating the need for the divestiture.  Shares were sold in 1952 to three United States investment banking firms which took Schering Corp. public.

**Reasons Judgment Should Be Terminated**:
- Judgment is more than ten years old.
- All terms of the Judgment have been satisfied.

**Public Comments**: None

**Case No.**: 2531

**Case Name**: United States v. Bendix Aviation Corp.

**Year Judgment Entered**: 1946

**Section of Judgment Retaining Jurisdiction**: X

**Description of Judgment**: Judgment prohibited defendant from complying with a series of bilateral agreements with competing European and Japanese aircraft part manufacturers that allocated markets in the United States to defendant and home markets to the foreign competitors. Judgment also prohibited acts relating to use of cross-licensing of patents to eliminate competition, and transferred title to the patents to the Alien Property Custodian, which had intervened in the action.

**Reasons Judgment Should Be Terminated:**
- Judgment is more than ten years old.
- Judgment terms largely prohibit acts the antitrust laws already prohibit (market allocation).
- Patents at issue have expired.

**Public Comments**: None.

---

**Case No.**: 10772

**Case Name**: United States v. United States Pipe and Foundry Co., et al.

**Year Judgment Entered**: 1948

**Section of Judgment Retaining Jurisdiction**: XII

**Description of Judgment**: Judgment prohibits defendants (cast iron pressure pipe manufacturers) from fixing prices, allocating markets and restricting production, and from using patent licensing and machine lease agreements to facilitate such acts. Judgment further terminated the agreements, transferred title to the machines to lessees, and required United States Pipe to dedicate the subject patents to the public.

**Reasons Judgment Should Be Terminated**:
- Judgment is more than ten years old.
- Judgment terms largely prohibit acts the antitrust laws already prohibit (price fixing, market allocation).
- Patents at issue have expired.

**Public Comments**: None.

---

**Case No.**: 4583

**Case Name**: United States v. Allegheny Ludlum Steel Corp., et al.

**Year Judgment Entered**: 1948

**Section of Judgment Retaining Jurisdiction**: IX

**Description of Judgment**: Judgment prohibits defendants from entering into agreements to fix prices for stainless steel.  Judgment also required one of the defendants to grant any applicant a nonexclusive license under certain patents at reasonable and nondiscriminatory royalties, and a nonexclusive grant of immunity from suit under any foreign patents owned or controlled by that defendant corresponding to the domestic patents.

**Reasons Judgment Should Be Terminated**:
- Judgment is more than ten years old.
- Judgment terms largely prohibit acts the antitrust laws already prohibit (price fixing).
- Patents at issue have expired.

**Public Comments**: None.

**Case No.:** 125-49

**Case Name**: United States v. Sand Spun Patents Corp., et al.

**Year Judgment Entered**: 1949

**Section of Judgment Retaining Jurisdiction**: X

**Description of Judgment**: Judgment required defendants to dissolve a patent holding company they jointly owned and to dedicate the patents to the public. Judgment further ordered termination of license agreements and attaching certain anticompetitive conditions to licenses, and enjoined the defendants from entering into any agreement to fix prices, allocate markets, and otherwise restrict the sale and production of cast iron pressure pipe.

**Reasons Judgment Should Be Terminated**:
- Judgment is more than ten years old.
- All terms of the Judgment have been satisfied.
- Most defendants likely no longer exist.
- Judgment terms largely prohibit acts the antitrust laws already prohibit (price fixing, market allocation).

**Public Comments**: None.

---

**Case No.:** 5152

**Case Name**: United States v. Westinghouse Electric & Manufacturing Co., et al.

**Year Judgment Entered:** 1953

**Section of Judgment Retaining Jurisdiction**: IX

**Description of Judgment**: Defendant electrical equipment manufacturers were enjoined from allocating markets and from engaging in exclusionary acts in the electrical-equipment market. Judgment also required Westinghouse to dedicate certain patents it acquired to the public.

**Reasons Judgment Should Be Terminated**:
- Judgment is more than ten years old.
- Judgment terms largely prohibit acts the antitrust laws already prohibit (market allocation).
- Patents at issue have expired.

**Public Comments:** None.

**Case No.:** 8586

**Case Name:** United States v. General Instrument Corp., et al.

**Year Judgment Entered**: 1953

**Section of Judgment Retaining Jurisdiction**: XV

**Description of Judgment:** Judgment enjoined price fixing, joint acquisition of patents, limiting models of condensers to be manufactured, limiting the sale of production tools, granting of exclusive territories, and agreeing to the validity of future patents.  Judgment also ordered the dissolution of the patent holding company and required licensing at reasonable royalties of patents relating to the manufacture of variable condensers owned, acquired, or applied for by the defendants prior to December 31, 1956.

**Reasons Judgment Should Be Terminated**:
- Judgment is more than ten years old.
- All terms of the Judgment have been satisfied.
- Most defendants likely no longer exist.
- Judgment terms largely prohibit acts the antitrust laws already prohibit (price fixing).

**Public Comments**: None.

---

**Case No.:** 4575

**Case Name**: United States v. General Electric Co., et al.

**Year Judgment Entered**: 1953

**Section of Judgment Retaining Jurisdiction**: IX

**Description of Judgment**: Defendant manufacturer of electrical equipment and its wholly-owned subsidiary were enjoined from allocating markets with foreign manufacturers.  Judgment also required defendant manufacturer to grant non-exclusive licenses to make, use, and sell electrical equipment under any patents it acquired from foreign manufacturers named as co-conspirators.

**Reasons Judgment Should Be Terminated**:
- Judgment is more than ten years old.
- Judgment terms largely prohibit acts the antitrust laws already prohibit (market allocation).
- Patents at issue have expired.

**Public Comments:** None.

**Case No.** 73-54

**Case Name**: United States v. American Lead Pencil Co., et al.

**Year Judgment Entered**: 1954

**Section of Judgment Retaining Jurisdiction**: XI

**Description of Judgment**: Judgment prohibits defendants from fixing prices, allocating markets, exchanging non-public price information, and refraining from importing or exporting lead pencils.

**Reasons Judgment Should Be Terminated:**
- Judgment is more than ten years old.
- Judgment terms largely prohibit acts the antitrust laws already prohibit (price fixing, market allocation).

**Public Comments**: None

---

**Case No.**: 889-54

**Case Name**: United States v. The Embroidery Cutters Ass'n, et al.

**Year Judgment Entered**: 1954

**Section of Judgment Retaining Jurisdiction**: X

**Description of Judgment:**  Defendants enjoined from entering into any agreement to fix prices, fix terms of delivery, circulate price lists, or circulate price statistics for embroidery cutting. Judgment also ordered dissolution of the Association.

**Reasons Judgment Should Be Terminated**:
- Judgment is more than ten years old.
- Most defendants likely no longer exist.
- Judgment terms largely prohibit acts the antitrust laws already prohibit (price fixing).

**Public Comments**: None.

**Case No.**: 575-56

**Case Name**: United States v. National Electrical Contractors Ass'n, N.J. Chapter Inc., et al.

**Year Judgment Entered**: 1956 (July); modified 1956 (October)

**Section of Judgment Retaining Jurisdiction**: VIII

**Description of Judgment**: Defendants were enjoined from agreeing to rig bids, fix prices, and allocate customers in the sale or installation of electrical equipment. Judgment was modified three months after it was entered so as to not prohibit defendants from engaging in joint bidding ventures where each party was unable to bid on or perform the contract alone.

**Reasons Judgment Should Be Terminated**:
- Judgment is more than ten years old.
- Judgment terms largely prohibit acts the antitrust laws already prohibit (bid rigging, price fixing, customer allocation).

**Public Comments**: None.

---

**Case No.**: 482-55

**Case Name:** United States v. Garden State Retail Gasoline Dealers Ass'n, Inc., et al.

**Year Judgment Entered**: 1956

**Section of Judgment Retaining Jurisdiction:** IX

**Description of Judgment**: Judgment prohibits a retail gasoline dealers' association and two individuals from fixing the price of gasoline with any retailer or from suggesting the price that any retailer should sell gasoline. Judgment further ordered dissolution of the Association.

**Reasons Judgment Should Be Terminated**:
- Judgment is more than ten years old.
- Most defendants likely no longer exist.
- Judgment terms largely prohibit acts the antitrust laws already prohibit (price fixing).

**Public Comments**: None.

**Case No.**: 698-58

**Case Name:** United States v. American Type Founders Co., Inc.

**Year Judgment Entered**: 1958

**Section of Judgment Retaining Jurisdiction**: X

**Description of Judgment**: Defendant enjoined from fixing prices and allocating customers in the manufacture and distribution of printing presses and printing equipment.

**Reasons Judgment Should Be Terminated**:
- Judgment is more than ten years old.
- Defendant likely no longer exists.
- Judgment terms largely prohibit acts the antitrust laws already prohibit (price fixing and customer allocation).

**Public Comments**: None.

---

**Case No.**: 1350-58

**Case Name**: United States v. The Gemex Corp.

**Year Judgment Entered**: 1959

**Section of Judgment Retaining Jurisdiction**: VI

**Description of Judgment**: Defendant enjoined, in part, from price fixing in the sale of watchbands.

**Reasons Judgment Should Be Terminated**:
- Judgment is more than ten years old.
- Judgment terms largely prohibit acts the antitrust laws already prohibit (price fixing)

**Public Comments**: None.

**Case No.**:  575-60

**Case Name**: United States v. New Jersey Auto Glass Dealer Ass'n

**Year Judgment Entered**: 1960

**Section of Judgment Retaining Jurisdiction**: IX

**Description of Judgment**: Defendant trade association enjoined from fixing prices for the sale of auto glass.

**Reasons Judgment Should Be Terminated**:
- Judgment is more than ten years old.
- Defendant likely no longer exists.
- Judgment terms largely prohibit acts the antitrust laws already prohibit (price fixing).

**Public Comments**: None.

---

**Case No.**: 942-56

**Case Name**: United States v. Driver-Harris Co., et al. (Jelliff Manufacturing Corp.)

**Year Judgment Entered**: 1961; superseded 1965

**Section of Judgment Retaining Jurisdiction**: XI

**Description of Judgment**: Defendants enjoined from fixing the price and restricting competition in the manufacture and sale of electrical resistance wire and other resistance alloy products used for heating elements in various devices.  Defendants were further required to grant, at reasonable royalties, non-exclusive licenses on patents held or obtained within five years of the effective date of the Judgment.

**Reasons Judgment Should Be Terminated**:
- Judgment is more than ten years old.
- Judgment terms largely prohibit acts the antitrust laws already prohibit (price fixing, market allocation).
- Patents at issue have expired.

**Public Comments** None.

**Case No.**: 1100-61

**Case Name**: United States v. Hunterdon County Trust Co., et al.

**Year Judgment Entered**: 1962

**Section of Judgment Retaining Jurisdiction**: VIII

**Description of Judgment**: Defendants enjoined from fixing prices for bank services.

**Reasons Judgment Should Be Terminated**:
- Judgment is more than ten years old.
- Judgment terms largely prohibit acts the antitrust laws already prohibit (price fixing).

**Public Comments**: None.

---

**Case No.**: 567-60

**Case Name**: United States v. Becton, Dickinson and Co.

**Year Judgment Entered**: 1964

**Section of Judgment Retaining Jurisdiction**: XV

**Description of Judgment**: Defendant enjoined from engaging in resale price maintenance on reusable hypodermic syringes sold in the United States. Judgment also required defendant to grant any domestic applicant unrestricted, nonexclusive and unconditional licenses at a reasonable and nondiscriminatory royalty.

**Reasons Judgment Should Be Terminated**:
- Judgment is more than ten years old.
- Conduct (resale price maintenance) might not be considered per se illegal today and would likely be reviewed under a rule of reason standard.

**Public Comments**: None.

**Case No.**: 942-56

**Case Name**: United States v. Driver-Harris Co., et al. (Hoskins Manufacturing Co.)

**Year Judgment Entered**: 1964

**Section of Judgment Retaining Jurisdiction**: XI

**Description of Judgment**: Defendants enjoined from fixing the price and restricting competition in the manufacture and sale of electrical resistance wire and other resistance alloy products used for heating elements in various devices.  Defendants were further required to grant, at reasonable royalties, non-exclusive licenses on patents held or obtained within five years of the effective date of the Judgment.

**Reasons Judgment Should Be Terminated:**
- Judgment is more than ten years old.
- Judgment terms largely prohibit acts the antitrust laws already prohibit (price fixing, market allocation).
- Patents at issue have expired.

**Public Comments**: None.

---

**Case No.**: 942-56

**Case Name**: United States v. Driver-Harris Co., et al. (H.K. Porter Co.)

**Year Judgment Entered:** 1964

**Section of Judgment Retaining Jurisdiction**: XI

**Description of Judgment**: Defendants enjoined from fixing the price and restricting competition in the manufacture and sale of electrical resistance wire and other resistance alloy products used for heating elements in various devices.  Defendants were further required to grant, at reasonable royalties, non-exclusive licenses on patents held or obtained within five years of the effective date of the Judgment.

**Reasons Judgment Should Be Terminated**:
- Judgment is more than ten years old.
- Judgment terms largely prohibit acts the antitrust laws already prohibit (price fixing, market allocation).
- Patents at issue have expired.

**Public Comments** None.

**Case No.**: 840-64

**Case Name**: United States v. Johnson & Johnson

**Year Judgment Entered**: 1966

**Section of Judgment Retaining Jurisdiction**: VIII

**Description of Judgment**: Defendant manufacturer of first aid and baby toiletry products was prohibited from selling its products to distributors on the condition that the distributors refrain from selling other manufacturers' products, give defendant's products preference over those of competitors, or that the distributors give preferential rack space to defendant's products.

**Reasons Judgment Should Be Terminated**:
- Judgment is more than ten years old.
- Conduct (sales conditioned on exclusive dealing) might not be considered per se illegal today and would likely be reviewed under a rule of reason standard.

**Public Comments**: None.

---

**Case No.**: 1174-64

**Case Name**: United States v. Aluminum Limited, et al.

**Year Judgment Entered**: 1966; modified 1968

**Section of Judgment Retaining Jurisdiction**: VI

**Description of Judgment**: Judgment required defendants to offer the assets of one of two divisions within a nine-month period. When Judgment was modified, no further divestitures were required by the court.

**Reasons Judgment Should Be Terminated**:
- Judgment is more than ten years old.
- All terms of the Judgment have been satisfied.

**Public Comments**: None.

**Case No.**: 345-65

**Case Name**: United States v. R.J. Reynolds Tobacco Co.

**Year Judgment Entered**: 1969

**Section of Judgment Retaining Jurisdiction**: XIV

**Description of Judgment**: Judgment required that a tobacco company divest itself of a subsidiary corn starch producing company within two years. In addition, Judgment enjoined the tobacco company from reacquiring the subsidiary for five years. Judgment also stipulated that the officers and directors of the tobacco company could not, at any time, acquire the stock of the subsidiary.

**Reasons Judgment Should Be Terminated**:
- Judgment is more than ten years old.
- All terms of the Judgment have been satisfied.

**Public Comments**: None.

---

**Case No.**: 370-65

**Case Name**: United States v. The American Oil Co., et al.

**Year Judgment Entered**: 1971

**Section of Judgment Retaining Jurisdiction**: X

**Description of Judgment**: Defendants enjoined from agreeing with other oil refiners to fix the price at which gasoline is sold; and from fixing the resale price of gasoline with distributors.

**Reasons Judgment Should Be Terminated**:
- Judgment is more than ten years old.
- Judgment terms largely prohibit acts the antitrust laws already prohibit (price fixing).

**Public Comments**: None.

**Case No.**: 74-1086

**Case Name**: United States v. E.I. du Pont de Nemours and Co., et al.

**Year Judgment Entered**: 1977

**Section of Judgment Retaining Jurisdiction**: IX

**Description of Judgment**: Defendant dye manufacturers enjoined from fixing prices and allocating markets and customers.  Defendants were further enjoined, for a period of ten years after the entry of the Judgment, from exchanging information about prices, and terms and conditions of sales.

**Reasons Judgment Should Be Terminated**:
- Judgment is more than ten years old.
- Judgment terms largely prohibit acts the antitrust laws already prohibit (price fixing, market/customer allocation).

**Public Comments**: None.

---

**Case No.**: 74-719

**Case Name**: United States v. American Building Maintenance Corp., et al.

**Year Judgment Entered**: 1977

**Section of Judgment Retaining Jurisdiction**: VI

**Description of Judgment**: Defendants enjoined from, among other things, agreeing with other building maintenance firms to rig bids, fix prices, or allocate customers.

**Reasons Judgment Should Be Terminated**:
- Judgment is more than ten years old.
- Judgment terms largely prohibit acts the antitrust laws already prohibit (bid rigging, price fixing, customer allocation).

**Public Comments:** None.

**Case No.**: 611-65

**Case Name**: United States v. Curtis Circulation Co., Inc., et al.

**Year Judgment Entered**: 1977

**Section of Judgment Retaining Jurisdiction**: XI

**Description of Judgment**: Two national magazine distributors and their jointly owned subsidiary were prohibited from joining with each other or with other national distributors so as to impose any restrictions or conditions on wholesalers or dealers in regard to their sales of any publications. Judgment further enjoined defendant Curtis from having any interest in the defendant subsidiary for a period of two years. Judgment also enjoined defendants from holding any interest in each other for up to 20 years and in any other national distributor for up to ten years.

**Reasons Judgment Should Be Terminated**:
- Judgment is more than ten years old.
- Terms of the Judgment have been satisfied.

**Public Comments:** None.